# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

ROBERT DAMION BARNES                                        PLAINTIFF

v.                                        CIVIL ACTION NO. 5:18CV-P81-TBR

FULTON COUNTY DETENTION CENTER *et al*                 DEFENDANTS

## MEMORANDUM OPINION

Plaintiff Robert Damion Barnes filed the instant *pro se* complaint under 42 U.S.C. § 1983. This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the complaint.

## I.

Plaintiff is a convicted inmate at the Fulton County Detention Center (FCDC). He sues FCDC and FCDC Jailer Steven Williams in his official capacity only.

Plaintiff states that he was transferred to FCDC on May 9, 2018. He reports that he "was booked in and asked my religious prefrance, I told the deputy Jailer Muslim and the deputy logged it in the computer." He states, "I filled out a grievance form stating I needed to be put on the Ramadan list so I could recieve my meals at a certain time the same day 5/9/2018 at 10:46 pm. The following day I received a message back on the kiosk that it's to late to add me to kitchen meal changes I needed to be here two weeks." He states that he "went through the 3 page Inmate handbook and they said nothing about I needed to be here for 2 weeks or anything about meal time changes." He states that he appealed and Defendant Williams "responded he will forward it to the kitchen but theirs no promises changes will be made and a waiver would be sent to me to sign. No form will be signed if I'm not eligible to participate in the Ramadan."

Plaintiff maintain, "My right to practice Religion has been violated under my constitutional rights."

Plaintiff further states that on May 16, 2018, "I waited for my Ramadon meal to come through at 5 am before sunrise and it didn't come until 6:15 am, I asked the corrections officer about my meal pass and he stated, 'It's not my problem' in front of the whole cell in 305A." He continues, "I also asked about our time to pray until the sun rises and I was denied that." Plaintiff reports that he tried to file a grievance but was told on the kiosk that he could only write three grievances per month. He states, "This is a violation of my religious rights and a right to fill out grievable actions anytime."

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as

true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.

**A.     Denial of religious practice**

Plaintiff alleges that when he entered FCDC on May 9, 2018, he was told that his request for Ramadan meals could be delayed by two weeks. However, he states that he received a Ramadan meal, albeit after sunrise, on May 16, 2018. Therefore, it is evident that he began

3

receiving Ramadan meals at least seven days later. Plaintiff also alleges that on May 16, 2018, he was denied a request to pray until the sun rose.

The First Amendment prevents the government from prohibiting or excessively curtailing the free exercise of religion. *See Cruz v. Beto*, 405 U.S. 319 (1972). However, Plaintiff's claims of a short-term delay in receiving Ramadan meals when he entered FCDC and a one-time denial of his request to pray do not give rise to First Amendment claims. "[A] short-term and sporadic disruption of [a prisoner's] Ramadan eating habits does not . . . allege a substantial burden on his religious freedom." *Maynard v. Hale*, No. 3:11-CV-1233, 2012 U.S. Dist. LEXIS 114136, at *12 (M.D. Tenn. Aug. 14, 2012). Moreover, a delay in receiving breakfast until after sunrise during Ramadan also does not give rise to a constitutional violation. *Mabon v. Campbell*, Nos. 98-5468, 98-5513, 2000 U.S. App. LEXIS 1476, at *8 (6th Cir. Feb. 1, 2000) (per curiam) ("Plaintiff's complaint of delay in breakfast while segregated during the period of Ramadan does not rise to a constitutional violation.").

Accordingly, Plaintiff's claims regarding denial of religious practice will be dismissed for failure to state a claim upon which relief may be granted.

**B.      Grievance handling**

With regard to Plaintiff's allegation that Defendants violated his "right to fill out grievable actions anytime," a prisoner does not state a constitutional claim based on the handling of a grievance. A plaintiff's claim is against the subjects of his or her grievances, not those who merely decided whether to grant or deny the grievances. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant

4

denied an administrative grievance or failed to act based upon information contained in a grievance."); *Simpson v. Overton*, 79 F. App'x 117, 120 (6th Cir. 2003) ("[T]he denial of an appeal cannot in itself constitute sufficient personal involvement to state a claim for a constitutional violation.").

Therefore, Plaintiff's claims concerning the handling of his grievances will be dismissed for failure to state a claim upon which relief may be granted.

The Court will enter a separate Order dismissing the action for the reasons stated herein.

Date:


cc: Plaintiff, *pro se*
    Defendant
    Fulton County Attorney
4413.010